UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-mj-8724-WM

UNITED STATES OF AMERICA

v.

JASON PETER LUCARINI,

   Defendant.
_____/

FILED BY _____SW_____ D.C.

Dec 5, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  ☐ Yes  ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  ☐ Yes  ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  ☐ Yes  ☑ No

4. 4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  ☐ Yes  ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: _____/s/ Katie Wilson_____
KATIE WILSON
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.  1026417
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:  (561) 209-1043
Fax:  (561) 805-9846
Email:  Katie.Sadlo@usadoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| JASON PETER LUCARINI, | ) Case No. 25-mj-8724-WM |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

FILED BY ____SW____ D.C.

Dec 5, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  November 13, 2025  in the county of  Palm Beach  in the
Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 113(a)(4) | Assault by Striking, Beating, or Wounding within the Special Maritime and Territorial Jurisdiction of the United States |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Caleb D. King, USCGIS
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date:  December 5, 2025

_____
*Judge's signature*

City and state:  West Palm Beach, FL       William Matthewman, Chief U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT
### AFFIANT'S BACKGROUND

I, Caleb D. King, being duly sworn, do state and attest as follows:

1. I am a Special Agent with the Coast Guard Investigative Service (CGIS). Prior to my employment with CGIS, I was a Special Agent with the Defense Criminal Investigative Service (DCIS) for 7 years and I have been a reserve Special Agent with the United States Army Criminal Investigation Division (USACID) for 15 years. I am a graduate of USACID'S Special Agent Course at Fort Leonard Wood, Missouri, the DCIS Special Agent Basic Training Program at the Federal Law Enforcement Training Center, the Miami-Dade Medical Examiner's Medico-Legal Death Investigation Course, the U.S. Army Military Police School (USAMPS) Domestic Violence Investigation and Intervention Course, the USAMPS Advanced Crime Scene Course, and the USAMPS Special Victims Course. I am also a licensed attorney and a graduate of the FBI National Academy.

2. My law enforcement authority is derived from Title 14, United States Code, Section 525 which grants CGIS Special Agents law enforcement authority for any crime committed within the authority of the United States Coast Guard such as crimes committed upon the high seas on vessels subject to the Special Maritime and Territorial Jurisdiction of the United States.

3. Based on the information set forth in this affidavit, there is probable cause to believe that on November 13, 2025, JASON PETER LUCARINI, a resident of Palm Beach County in the Southern District of Florida, knowingly and intentionally assaulted another by striking, beating, or wounding within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(4).

1

4. This affidavit is based on your affiant's personal investigation and on information obtained from witnesses, documents, and public records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain each and every detail about this investigation of which I am aware. I have included only those facts and circumstances that I believe are sufficient to establish probable cause.

## STATUTORY BACKGROUND

5. Title 18, United States Code, Section 113(a) criminalizes assault by striking, beating, or wounding within the special maritime and territorial jurisdiction of the United States. 18 U.S.C. 113(a)(4). Title 18, United States Code, Section 7(1) defines "special maritime and territorial jurisdiction of the United States" to include:

> The high seas, any other waters within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State, and any vessel belonging in whole or in part to the United States or any citizen thereof, or to any corporation created by or under the laws of the United States, or of any State, Territory, District, or possession thereof, when such vessel is within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State.

6. Pursuant to 18 U.S.C. § 3238, for all crimes committed upon the high seas, venue is appropriate in the district in which the offender is arrested or in the district of the last known residence of the offender.

## PROBABLE CAUSE

7. On or about November 11, 2025, LUCARINI and V.V., who were involved in a romantic relationship at the time, departed from the Port of Miami on the Norwegian Cruise Line's Cruise Ship (C/S) NORWEGIAN GETAWAY (International Maritime Organization Number

960924). The C/S NORWEGIAN GETAWAY is a Bahamas flagged vessel, owned by NCL Corporation Limited, a foreign profit corporation registered to conduct business in the State of Florida and which maintains a physical headquarters at 7665 Corporate Center Drive, Miami, Florida.

8. LUCARINI and V.V. had separate but adjoining rooms on the C/S NORWEGIAN GETAWAY.

9. On the afternoon of November 13, 2025, LUCARINI and V.V. had a verbal disagreement. After the disagreement, V.V. and her stateroom roommate, H.C., went into LUCARINI's adjoining room to obtain V.V.'s personal belongings before returning to their stateroom. After returning to their stateroom, V.V. and H.C. locked both the adjoining room door and their main stateroom door.

10. Later that evening, LUCARINI began using his phone to repeatedly call and send messages to V.V., which she did not respond to. LUCARINI apparently suspected V.V. entered his stateroom and threw some folded clothes around. I viewed the text messages as they appeared on V.V.'s phone. A screen capture of the text messages is included below:



3

11. V.V. was interviewed by CGIS Special Agents. During the interview, V.V. said LUCARINI entered her stateroom without authorization by climbing over the exterior balcony divider between the two rooms and entering through the sliding door. LUCARINI then grabbed an expensive bag owned by V.V. and began to move towards the balcony as if he was going to throw the bag into the ocean. After V.V. grabbed her bag, LUCARINI grabbed V.V. by her arms and pressed her against the wall, causing bruising to both of V.V.'s arms. H.C., who was still in the room at the time of the assault, yelled at LUCARINI stop, but he continued. During the struggle, LUCARINI struck V.V. in the mouth with his elbow causing injury. After the struggle, LUCARINI departed V.V.'s stateroom by exiting through the sliding door and climbing back over the exterior balcony divider between the rooms.

12. A review of security camera footage on the C/S NORWEGIAN GETAWAY shows that LUCARINI arrived at his and V.V.'s stateroom doors around 10:12 p.m. that evening and began kicking the door of V.V.'s stateroom. LUCARINI briefly left the area before returning to bang on V.V's stateroom door with his fist. Around 11:03 p.m., LUCARINI entered his stateroom. Around 11:04 p.m., V.V. existed her stateroom, escorted by H.C., limping and crying.

13. According to C/S NORWEGIAN GETAWAY records, V.V. was subsequently treated at the ship's infirmary and moved to a different state room for the remainder of the voyage. According to the ship's log, the C/S NORWEGIAN GETAWAY was located at 24°23.2N / 079°32.1W, which is approximately 88 nautical miles southeast of Miami, Florida, around 11:08 p.m. on the night of the assault. The ship's position was approximately 26 miles outside of the U.S. Exclusive Economic Zone in international waters on the high seas. A map plot of the vessel's position near the time of the assault is provided below:



14.  V.V. was treated for abrasions, bruisers and back pain at the Jupiter Medical Center in Jupiter, Florida on November 14, 2025. I have viewed photographs V.V. took of her injuries shortly after the assault which show abrasions to her knee, contusions on her arms, and swelling and bleeding on her lip.

## CONCLUSION

15.  Based on the information provided above, I respectfully submit that probable cause exists to believe that JASON PETER LUCARINI committed a violation of 18 U.S.C. § 113(a)(4), Assault within the Special Maritime and Territorial Jurisdiction of the United States.

*FURTHER SAYETH YOUR AFFIANT NAUGHT.*

_____
Caleb D. King
Special Agent, U.S. Coast Guard Investigative Service

Sworn and Attested to me by Applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.1. on December  5th  , 2025.

_____
CHIEF UNITED STATES MAGISTRATE JUDGE
WILLIAM MATTHEWMAN

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   JASON PETER LUCARINI

**Case No**:   25-mj-8724-WM

Assault by Striking, Beating, or Wounding within the Special Maritime and Territorial

Jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(4)
* **Max. Term of Imprisonment:** 1 year
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 1 year
* **Max. Fine:** $100,000
* **Special Assessment**: $25.00

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.